# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

KEITH WRIGHT,                    )
                                 )
    Plaintiff,            )
                                 )
v.                               )   Case No. CIV-18-158-D
                                 )
FNU PETTY, et al.,               )
                                 )
    Defendants.           )

## ORDER

Plaintiff, a California prisoner appearing pro se, brought the present action for injuries he allegedly sustained while he was housed at the North Fork Correctional Center (North Fork), a private prison in Sayre, Oklahoma that is owned and operated by Corrections Corporation of America, Inc. (CCA). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b). On May 17, 2018, Judge Mitchell issued a Report and Recommendation (Report or R&R) [Doc. No. 9] in which she recommended that Plaintiff's action be dismissed as time barred. Plaintiff timely filed his objection [Doc. No. 10]. Exercising de novo review, as the Court must,[1] the Court **ADOPTS** the Report as stated more fully below.

---

[1] *See* 28 U.S.C. § 636(b)(1)(C)("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept,

## BACKGROUND

According to the Complaint, Defendant Petty closed a cell door over Plaintiff's foot and toes, causing serious injuries. Compl. at 8 [Doc. No. 1]. Plaintiff contends Petty had a "duty to use due care," and her "negligent conduct resulted in personal injury and harm to Plaintiff that was foreseeable…." *Id*. Plaintiff alleges CCA failed to adequately train Petty and such negligence "was reasonably likely to harm Plaintiff adversely …." *Id*. at 10. Upon mandatory screening, Judge Mitchell found that the Court had subject matter jurisdiction by way of diversity of citizenship under 28 U.S.C. § 1332 and Oklahoma law governed the action because it had the most substantial connection with the underlying facts. *See* R&R at 6-7.[2]

Applying Oklahoma law, Judge Mitchell found that Plaintiff's claims were time barred. She noted that under the Oklahoma Governmental Tort Claims Act (OGTCA), Plaintiff was required to provide written notice of his claim within one

---

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

[2] As noted by Judge Mitchell, Plaintiff disclaimed jurisdiction under 42 U.S.C. § 1983 and instead argued jurisdiction was present under "1. The 'Erie Doctrine' Erie R.R. Co. v. Tompkins (1938) 304 U.S. 64; 2. 28 U.S.C. § 1331, 1332(a); California Choice-of-Law Rules and Federal Case Law." *See* Compl. at 2. Plaintiff did not predicate his claims under the U.S. Constitution or any federal statute; rather, he sought relief via state law claims.

year, which could be tolled up to ninety days due to any incapacity.[3] Calculating the applicable time frame from the date of Plaintiff's injury—July 23, 2014—Judge Mitchell noted that Plaintiff had until July 17, 2016 in which to file his suit. R&R at 9. Since Plaintiff did not file his action until February 16, 2018, Judge Mitchell found his action was untimely. *Id*.

## DISCUSSION

Because Plaintiff is pro se, the Court liberally construes his filings, but will not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). On appeal, Plaintiff contends the statutory period was tolled under the doctrine of equitable tolling. Obj. at 3. To obtain equitable tolling, a petitioner must show: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing of his action. *Holland v. Florida*, 560 U.S. 631, 649 (2010). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir.

---

[3] *See* Okla. Stat. tit. 51, §§ 156(B), (E) ("[C]laims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. … The time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity."). In *Hall v. GEO Group, Inc.*, 2014 OK 22, ¶ 1, 324 P.3d 399, 401, the Oklahoma Supreme Court held that compliance with the OGTCA was required for an inmate to bring a tort action against a private prison facility.

3

2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2000)). Under this standard, the Court finds Plaintiff has failed to meet this strong burden.

Even assuming Plaintiff had been diligently pursuing his rights, which the Court does for purposes of this Order,[4] Plaintiff cites no extraordinary circumstances which prevented the timely filing of *this* action. Plaintiff contends equitable tolling is shown by the fact that North Fork staff belatedly provided an incident report. However, the OGTCA only requires "the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim…." Okla. Stat. tit. 51, § 156(E). Thus, even accepting his allegations as true, Plaintiff still had all the information he needed to submit a timely claim, notwithstanding the absence of a formal report. In the Court's view, under the circumstances presented, this alleged failure does not constitute an "extraordinary circumstance" that prevented Plaintiff from timely submitting his claim.

## CONCLUSION

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** as set forth herein. A judgment shall be issued forthwith.

---

[4] The record shows Plaintiff pursued administrative remedies through the California Department of Corrections and Rehabilitation, which denied his claim.

**IT IS SO ORDERED** this 26th day of June 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE